IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MILDRED THORNTON,

           Plaintiff,

v.                                     CIVIL ACTION NO. 3:12-0492

FIRST NATIONAL BANK CREDIT CARD
and FIRST NATIONAL BANK OF FT. PIERRE,
SOUTH DAKOTA,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants First National Bank Credit Card and First National Bank of Ft. Pierre's Motion to Dismiss or, in the alternative, Motion to Compel Arbitration. (ECF No. 14). For the following reasons, the Court **GRANTS** the Motion to Compel Arbitration and **DISMISSES** this case **without prejudice** pending arbitration.

**I.
FACTUAL AND
PROCEDURAL BACKGROUND**

This action was brought by Plaintiff Mildred Thornton based upon diversity of jurisdiction. *See* 28 U.S.C. § 1332 (providing, in part, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States"). In her Complaint, Plaintiff states she obtained a Legacy Visa charge card from Defendants, but she fell behind on her payments when she suffered an injury and was hospitalized. *Complaint*, at ¶¶ 5-7. Plaintiff alleges that Defendants' actions in attempting to collect the debt were illegal and violated West Virginia's

Consumer Credit Protection Act, W. Va. Code § 46A-1-101, *et seq.* She also asserts Defendants' actions were outrageous and invaded her privacy. As a result of Defendants' alleged actions, Plaintiff seeks actual damages, cancellation of the debt, deletion of the related trade line from her credit history, civil penalties, attorney fees and costs, and punitive damages.

## II.
## DISCUSSION

Defendants now move to dismiss the Complaint on its merits or, in the alternative, compel arbitration pursuant to the terms of the "Credit Card Contract and Initial Disclosure Statement" provided to Plaintiff.[1] Plaintiff argues Defendants have waived their right to pursue arbitration because they have engaged the litigation process by asking that the case be dismissed. In support, Plaintiff cites *American Reliable Insurance Co. v. Stillwell*, 212 F. Supp.2d 621 (N.D. W. Va. 2002). However, *Stillwell* is clearly distinguishable from the present case.

In *Stillwell*, the district court quoted the Fourth Circuit's decision in *MicroStrategy Inc. v. Lauricia*, 268 F.3d 244 (4th Cir. 2001), which held:

> A party may waive its right to insist on arbitration if the party "so substantially utiliz[es] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay." But even in cases where the party seeking arbitration has invoked the "litigation machinery" to some degree "[t]he dispositive question is whether the party objecting to arbitration has suffered *actual prejudice*".

---

[1] Plaintiff asserts the document is sent to consumers after they apply for a line of credit.

268 F.3d at 249 (citations omitted; italics original).  In addition, the Fourth Circuit stated that "[t]he party opposing arbitration 'bears the heavy burden of proving waiver.'" *Id.* at 250 (quoting *American Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 95 (4th Cir. 1996)). Applying this standard, the district court in *Stillwell* found the issue of arbitration was never raised until approximately 14 months after the action began in state court. 212 F. Supp.2d at 628.  As the parties actively engaged in litigation on the arbitrable claims during that period of time and the defendants suffered actual prejudice, the district court determined that the plaintiffs waived their right to enforce arbitration. *Id*. 627-28.

In this case, however, the Court finds the parties have engaged in virtually no litigation.  Defendants filed the current motion within one month of filing their Answer.  Although both parties have filed their initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, these disclosures are the extent of litigation, barring the current motion.  Therefore, the Court finds Plaintiff has completely failed to meet her burden to prove Defendants have waived their right to request arbitration.

Plaintiff further argues, however, that because Defendants filed a motion to dismiss and, *in the alternative*, a motion to compel arbitration, Defendants are hedging their bets with inconsistent claims and the Court should find they have engaged in litigation by asking for the Court to dismiss the action before ruling on the arbitration issue.  In their Reply, Defendants admit they should have asked for arbitration and, in the alternative, dismissal on other grounds.  However, Defendants insist such a misstep does not result in a waiver.  The Court agrees with Defendants and

finds Plaintiff has not suffered any prejudice as a result of the manner in which the motion was worded. In fact, after Defendants filed their motion, Plaintiff filed a motion to stay a determination on the motion to dismiss until after the Court rules upon the arbitration issue, and the Court granted the motion. Therefore, the Court finds Plaintiff's argument in this regard to be without merit.

Turning to the merits of whether or not this Court should compel arbitration, Plaintiff argues the arbitration agreement is unconscionable because there are gross inadequacies in the bargaining power between the parties and enforcing the agreement prevents Plaintiff from vindicating her rights under West Virginia law. Thus, Plaintiff argues the agreement should not be enforced. Defendants respond by stating the agreement is neither unconscionable nor unenforceable. However, the first thing this Court must do is determine whether it is for the Court or the arbitrator to decide whether the arbitration clause is unconscionable.

In considering this issue, the Court finds this case is remarkably similar to the United State Supreme Court's case of *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772 (2010). In *Rent-A-Center*, the Supreme Court reiterated its long-standing position "that arbitration is a matter of contract" and, pursuant to the Federal Arbitration Act (FAA), it "shall be valid, irrevocable, and enforceable, save upon such grounds as exit at law or in equity for the revocation of any contract." 130 S. Ct. at 2776 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983); 9 U.S. C. § 2 (internal quotation marks omitted)). In other words, "[t]he FAA . . . places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." *Id.* (citations omitted). However, arbitration agreements "may be

invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" *Id*. (quoting *Doctor's Assoc.'s Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).

In *Rent-A-Center*, the parties entered into an arbitration agreement. *Id*. at 2775. Rent-A-Center sought to enforce the agreement after Antonio Jackson filed an employment discrimination action against it. Mr. Jackson argued the arbitration agreement was unconscionable under Nevada law. *Id.* However, Rent-A-Center asserted the agreement included a provision which gave the arbitrator exclusive authority to resolve any issue arising regarding the enforceability of the agreement. *Id*.

In deciding whether it was for the court or the arbitrator to decide the unconscionability issue, the Supreme Court first looked at the "delegation provision" which provided: "[t]he Arbitrator . . . shall have exclusive authority to resolve any dispute relating to the . . . enforceability . . . of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable." *Id*. at 2777 (internal quotation marks and citation omitted). The Supreme Court recognized that parties can enter into such delegation provisions, in which they "agree to arbitrate 'gateway' questions of 'arbitrability[.]'" *Id*. (citations omitted). Such "gateway" provisions are enforceable under § 2 of the FAA "save upon such grounds as exist at law or in equity for the revocation of any contract[.]'" *Id*. (quoting, in part, 9 U.S.C. § 2). Thus, the question for the Supreme Court to determine was whether the delegation provision at issue was valid under § 2. *Id*.

In *Rent-A-Center*, Mr. Jackson challenged the validity of the contract as a whole. *Id*. at 2779. He did not make any specific challenge to the delegation provision itself. *Id*. Rather, he made unconscionability arguments that applied to either just the agreement to arbitrate or to both the agreement to arbitrate and the delegation provision. *Id*. at 2780. In other words, Mr. Jackson's argument was "that the Agreement *as a whole* is unconscionable under state law." *Id*. at 2781 (italics original).[2] As Mr. Jackson did not make any arguments that the delegation provision by itself was unconscionable, the Supreme Court determined the clause was enforceable, "leaving any challenge to the validity of the Agreement as a whole for the arbitrator." *Id.* at 2779.

Similarly, in this case, the arbitration agreement contains a delegation provision. The arbitration agreement provides that the parties "agree that any Dispute will be resolved by Arbitration." *Credit Card Contract and Initial Disclosure Statement*, at ¶30, in part. The agreement defines a "Dispute" as "any controversy or claim between you and us[, . . . and] includes, by way of example and without limitation, . . . any issue concerning the validity, enforceability or scope of this agreement." *Id*. As in *Rent-A-Center*, Plaintiff does not make any specific arguments in her Response that the delegation provision itself is unenforceable. Instead, Plaintiff's arguments focus on the unconscionability of the entire agreement. As the agreement has a "gateway" provision clearly and unmistakably delegating resolution of the "enforceability" of the agreement with the arbitrator, the Court finds no reason why this provision should not be enforced. *See Peabody Holding Co. v. UMWA*, 665 F.3d 96, 102 (4th Cir. 2012) (stating an "agreement must clearly and

---

[2] Mr. Jackson did raise one challenge to the delegation provision when the case was before the Supreme Court, but the Court found he raised the issue too late and it would not be considered. *Id*. at 2781.

unmistabkably provide that the arbitrator shall determine what disputes the parties agreed to arbitrate" (internal ellipsis, quotation marks, and citations and footnote omitted)).  Thus, it is for the arbitrator, not the Court, to determine whether the arbitration agreement is unconscionable.

### III.
### CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendants' Motion to Compel Arbitration and **DISMISSES** this action **without prejudice** pending arbitration. (ECF No. 14).

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:       September 24, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE